Nov. Term, 1850.

HEASTON
v.
THE BOARD OF COMMISSIONERS OF RANDOLPH COUNTY.

---

HEASTON *v.* THE BOARD OF COMMISSIONERS OF RANDOLPH COUNTY.

The commissioners of *Randolph* county made an order directing the county agent to lay off a certain portion of the public ground belonging to said county, in the town of *Winchester*, into lots, and advertise and sell them to the highest bidders. The plaintiff and others remonstrated, alleging they were the owners of lots adjacent to said ground ; that they had purchased said lots with the expectation of enjoying the free use of said ground as a commons for which it was intended; and that the right to the use thereof was an incorporeal hereditament, &c. The Court refused to rescind the order of sale. The land on which the town is situated was deeded to the county agent for the use of the county. The original town plat was lost, but the county agent who had held that appointment since the organization of the county, testified that he never

was directed to lay off said ground as a public commons, and it was not done on the original plat, which was lost. The ground was never used for any other purposes than other uninclosed ground belonging to individuals. *Held,* that the ground had not been dedicated for common use.

Nov. Term, 1850.

HEASTON
v.
THE BOARD OF
COMMISSION-
ERS OF RAN-
DOLPH
COUNTY.

Tuesday,
January 7,
1851.

ERROR to the *Randolph* Circuit Court.

SMITH, J.—At the *September* term, 1846, of the board of commissioners of *Randolph* county, the said board made an order directing *Paul W. Way,* county agent, to lay off the ground, belonging to said county, on the west front of the town of *Winchester,* into lots, and to advertise and sell such lots to the highest bidders.

At the next succeeding term the plaintiff in error, with several others, presented a remonstrance against the sale of said ground, alleging that they are owners of the lots adjacent to and adjoining the land so ordered to be sold; that said land was intended for the common use of the inhabitants of the town; that they had purchased said lots with the expectation that they would be permitted to enjoy, unmolested, the free use of said commons; and that the right to the use thereof is an incorporeal hereditament appurtenant to their said lots.

The remonstrants then moved the board to rescind the order of sale, which motion was overruled.

The papers were then filed in the Circuit Court, on appeal, where the cause was heard on the evidence adduced by the parties, and the motion to have the order of sale rescinded was again overruled.

The plaintiff in error now brings the cause to this Court, assigning for error, that the Circuit Court ought to have directed the order of sale to be rescinded.

The evidence is contained in a bill of exceptions. It appears that the land upon which the town of *Winchester* is situated, including the land in controversy, was conveyed to *Paul W. Way,* county agent, for the use of the county of *Randolph,* by four deeds, the first of which is dated in 1819, and the last in 1829.

Mr. *Way,* who had been county agent, or had acted as such, from the organization of the county, in the year 1818, made a plat of the in-lots of said town and hand-

Nov. Term,
1850.

HEASTON
v.
THE BOARD OF
COMMISSION-
ERS OF RAN-
DOLPH
COUNTY.

ed it to the deputy-recorder of the county. He afterwards made a plat of the out-lots, and at a third period made a plat of the whole town.

*Jeremiah Smith* testified that, in 1833, he was acting as deputy-recorder of deeds, and had become the owner of some of the town lots; and finding that none of said plats had ever been recorded, and that the originals could not be found in the recorder's office, he applied to the county agent, who furnished him with a plat of the town; that this plat was imperfect in several respects; that among other defects there were several blocks or spaces on the plat which had not been subdivided into building lots, among which was the piece of ground in question; that he inquired of the county agent what these grounds were intended for, and was informed by the latter that the land in question was intended for a public commons; that he accordingly marked said space on the plat "public commons," and having marked another space "public square" upon the like information, and supplied other defects, he caused the said plat to be recorded on the 1st of *July*, 1833.

The plat so recorded was not acknowledged or signed by the county agent. It was, however, permitted to be given in evidence with the accompanying statements, for the purpose of proving the contents of the original plat which was lost or destroyed.

Mr. *Way*, on being called for the appellees, testified that the space in question was not marked "public commons" on the original plat of the town; that he was never directed by the board of commissioners to lay it off as public commons and never did so lay it off; that it was covered with woods when the plat was made, and it was thought inadvisable to sell it until it became more valuable.

It was further proved that the said ground had been uninclosed since the year 1822, and had been used by the citizens for grazing, &c., but it did not appear that it was used in any other manner, or for any other purposes, than other uninclosed property belonging to individuals.

This was the substance of the evidence given. We think it affords no ground for the claim set up by the plaintiff in error, that the land in question had been dedicated to the common use of the owners of other lots in the town.

*Per Curiam.*—The judgment is affirmed with costs.

*B. McClelland,* for the plaintiff.

*D. Kilgore,* for the defendants.